### CHURCH WARDENS & AL. vs. PEYTAVIN.

A penalty cannot be superadded to the damages.

It is forfeited by the debtor's delay only, even in the case of the payment of money.

Under a prayer for general relief, the rent of the premises may be allowed.

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. The plaintiffs seek to enforce a clause, in the defendant's lease, by which he bound himself, at the expiration of every year, to pay the rent, at the domicil of the treasurer of the church; and it was agreed that on failure, the lease would become void and of no effect, and the lessee bound to pay for damages, a sum of five hundred dollars, for the benefit of the church.

It is admitted that the yearly rent of two hundred and fifty dollars became payable on the 19th of March, 1822, and that it was not paid and is still unpaid—that on the 8th of April following, the attorney of the plaintiffs wrote to the defendant to demand the five hundred dollars and a rescission of the lease, and filed the petition, in the present case; that afterwards, but on the same day, the defendant offered to pay the rent to the plaintiffs' counsel, which was not accepted.

East'n District.
June, 1823.

CHURCHWAR-
DENS
vs.
PEYTAVIN.

Reynaud deposed the defendant left home, for New Orleans, about the 15th of March, 1822, leaving him to attend to the payment of the rent—that a few days after, he called on the treasurer to inquire, when it would become due—that the treasurer said, he could not then tell, but would ascertain it, and inform him—that on the next day he received from the treasurer a copy of the lease—the deponent discovering the rent became payable on that, or the following day, informed the treasurer he would attend to the payment—that the defendant returned on the 6th or 7th of April, and the deponent neglected informing him of the rent being due—that on the 8th, the deponent met the treasurer at the church, about a couple of hours, after the defendant received the letter from the plaintiff's counsel, and offered to pay the rent, which the treasurer said, he could not, nor would not accept. It was then between 9 and 11, A. M  The petition was filed on the same day and served on the 10th; after the service, the deponent waited on the treasurer and offered to pay the rent, interest and costs, which he refused to accept.

The district court gave judgment for five

East'n District.
June, 1823.

CHURCHWAR-
DENS
vs.
PEYTANIN.

hundred dollars, and decreed the rescission of the lease—The defendant appealed.

The injury, which the plaintiffs have received, results from the neglect of the defendant, to pay them a sum of two hundred and fifty dollars, which became due on the 19th of March, and remained unpaid on the 8th of April following, when the present suit was commenced.

It is true, the defendant bound himself to pay two hundred and fifty dollars, by way of of damages, if he did not pay the rent of two hundred and fifty dollars, on the day it became payable, and the law has provided, that " when the contract specifies that he, who fails to execute it, shall pay a certain sum, by way of damages, the other party can recover neither a larger nor smaller sum, *Civil Code*, 268, *art.* 52, and the wordly fathers of the parishioners appear entitled, under this provision, to the pound of flesh. But the following article (53,) makes an exception the the general rule. In obligations confined to the payment of a certain sum, the damages, arising from the delay in the execution, *are never* adjudged to exceed the interest fixed by law, except where particular rules of commerce and suretyship govern the

CHURCHWAR-
DENS.
*vs.*
PEYTAVIN.

case. They are due only from the day they are demanded, except when the law makes them accrue of right.

It seems to us, the defendant cannot be compelled to pay one hundred per cent. on the two hundred and fifty dollars, which he was bound to pay on the 19th of March, and which the plaintiffs' officer refused to accept, on the 8th of April following, unless one hundred per cent. were paid for the delay.

The rescission of the lease is prayed for, and was decreed. This is *quasi* a *penalty*, and the clause of the lease in which it is stipulated, is in the nature of a *penal* one. A penal clause is that by which a person, to secure the execution of an agreement, binds himself in something, in case of non-execution. *Ib.* 284, *art.* 126. The penalty cannot be *superadded* to the damages; for these are the *compensation* for the damages, which the creditor sustains. *Ib. art.* 129.

In obligations, confined to the payment of a certain sum, the penalty resulting from the delay, is like damages to be reduced to legal interest. *Pothier's Obligations.*

The penalty is forfeited *only*, when the debtor is *in mora.* Even when the obligation con-

CHURCHWAR-
DENS
vs.
PEYTAVIN.

tains a day of payment.   *Civil Code*, 287, *art.* 129.

We have seen, that, in obligations to pay a certain sum, interest, by way of damages, is only due from the demand.

The district court erred in giving judgment for the five hundred dollars, and the rescission of the lease.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed.

In proceeding to ascertain what judgment the district court ought to have pronounced, we find the object of the suit is not the recovery of the rent—it was not the matter in dispute, but the exaction of the penalty, or heavy damages stipulated. But the whole case is stated, and there is a prayer for general relief —and under this, we think judgment ought to have been given for the rent.

It is therefore ordered, adjudged, and decreed, that the plaintiffs recover from the defendant, the sum of two hundred and fifty dollars, with legal interest, from the judicial demand, and costs in the district court, the costs

in this, to be paid by the plaintiffs and appel-
lees.

*Workman* for the plaintiffs, *Dumoulin* for the
defendant.